UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGNI, INC.,
        Plaintiff,                CIVIL ACTION NO. 06-CV-12597-DT

vs.

                                          DISTRICT JUDGE MARIANNE O. BATTANI

ROBOTEK CONTRACTING &        MAGISTRATE JUDGE MONA K. MAJZOUB
CONSULTING, L.L.C.,
        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND ADD MIKE WYLIE AS A DEFENDANT

This matter comes before the Court on Plaintiff's Motion to File a First Amended Complaint filed on February 22, 2007. (Docket no. 27). Defendant has filed a Response. (Docket no. 37). Plaintiff has filed a Reply brief. (Docket no. 39). The Court heard oral argument from counsel on April 2, 2007. The motion has been referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 32). The matter is therefore ready for ruling.

Plaintiff seeks to amend its Complaint to add claims of fraud and promissory estoppel against Defendant Robotek and its owner, Mike Wylie. Plaintiff alleges that it entered into a business relationship with Defendant in 2002 to staff certain projects with qualified personnel. The parties' agreement was not formally adopted in a written agreement. In October 2005 Defendant terminated the parties' agreement and, according to Plaintiff, Defendant has failed to pay it for its share of accrued profits in accord with the parties' agreement. Plaintiff's Complaint raises claims of breach of contract, unjust enrichment, breach of fiduciary duty, conversion, theft or embezzlement, and a claim for injunctive relief for accounting and a receiver. Defendant has asserted similar counterclaims against Plaintiff.

-1-

Plaintiff contends that its motion to amend arises from Wylie's deposition that was taken on January 12, 2007. It is also based on a letter drafted by Wylie (but not delivered to Plaintiff) that outlines the parties' understanding as to their business relationship. Plaintiff contends that this letter is consistent with its assertions in this action. This letter was allegedly not produced until January 10, 2007 following a specific request by Plaintiff. Plaintiff alleges that it informed Defendant's counsel on January 17, 2007 that it would be amending its claim to assert fraud.

Defendant opposes Plaintiff's motion for several reasons. It contends that the claims for fraud and estoppel are legally meritless, the motion is made in bad faith, and that it will be prejudiced if the motion to amend is granted.

Rule 15, Fed. R. Civ. P., states that a party may amend its pleading after a responsive pleading is served only by leave of court or by consent of the adverse party. Defendant has filed its Answer, and has not consented to the amendment. Therefore, leave of court is required to amend. The rule also states that such leave is to be freely given when justice so requires. If the underlying facts or circumstances relied upon may be a proper subject for relief, the party ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, the leave to amend should be freely given. *Id.* The decision of whether justice requires the amendment is committed to the sound discretion of the court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

This case was filed in June of 2006; therefore, there has not been any undue delay in Plaintiff seeking this amendment. This is especially so when the deposition of Wylie took place only recently and the letter was recently produced. There have been no repeated failures to cure deficiencies in Plaintiff's Complaint. The possible prejudice to Defendant is not great. Discovery has ended pursuant to the

Scheduling Order entered on September 18, 2006.  (Docket no. 11).  However, the parties may seek an extension of the discovery period from Judge Battani.  If granted, this would alleviate most of the prejudice to Defendant.  On the record as it now stands, the fraud and promissory estoppel claims are not so devoid of merit to justify denying the proposed amendment.  Questions remain on this record about whether a contract existed and if it did, the terms of that contact.  The fraud claim is sufficiently particularized as well.  Accordingly, leave to amend Plaintiff's Complaint should be freely given.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File a First Amended Complaint and Add Mike Wylie as a Defendant (docket no. 27) is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 03, 2007            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 03, 2007            s/ Lisa C. Bartlett
                                 Courtroom Deputy